United States Bankruptcy Court
Northern District of Ohio
Eastern Division

In Re:                                              Bankruptcy Case No. 15-52933

    James Ronald Burns                           Chapter 7 Proceeding

            Debtor                             Judge Alan M. Koschik

Howard Jones and Vicki Jones

                                                               Adversary Proceeding No. 16-05024

v.

James Ronald Burns                            `        DEFENDANT'S MOTION TO DISMISS

      Defendant James Ronald Burns, by counsel and pursuant to Fed R. Civ. P. 9(b) and 12(b)(6) and Bankruptcy Rules 7009 and 7012, moves the Court to dismiss the complaint on the grounds set forth in the attached Memorandum in Support.

                                                        /s/ E. Lee Wagoner
                                                        E. Lee Wagoner (Ohio Bar No. 0037833)
                                                        2351 Becket Circle
                                                        Stow, OH 44224
                                                        elwagoner@yahoo.com
                                                         330-322-1399
                                                         Counsel for Debtor/Defendant

1

MEMORANDUM IN SUPPORT

I.  INTRODUCTION

Plaintiffs seek a determination of nondischargeability under Sections 523 (a)(2), (4), and (6).[1] Plaintiffs have not adequately pleaded the causes of action, pursuant to Bankruptcy Rules 7009 and 7012. In addition, Plaintiffs fail to state a claim upon which relief can be granted. The Court should dismiss all claims.

II.  F**ACTS**

For the purposes of this motion Defendant will and must accept the complaint's allegations as true, although he strongly and resolutely disputes them. See *Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). Generally, Plaintiffs allege that they contracted with Defendant's corporation for construction work. They allege that he "began work in their home but failed to complete the work in a workmanlike manner and never began construction on the pole style garage." (Complaint at ¶ 3.) They also allege that Defendant made fraudulent representations to Plaintiffs' mortgage holder about the progress of the project, but Plaintiffs immediately notified the mortgage holder to withhold any later draws.

Beyond these pleaded facts, Plaintiffs allege that "Defendant is indebted to the Plaintiff (sic) in the sum of approximately $99,502.97 plus court costs of $568,00 as a result of fraudulent misrepresentations, concealments and conversions made and other actual fraud and theft willfully and maliciously committed by Defendant." (Complaint at ¶ 7.) In their prayer for relief, Plaintiffs ask the Court to "determine that Defendant's debt to Plaintiffs in an amount of approximately $99,502.97 along with statutory interest plus court costs of $568.00 and the

---

[1] Plaintiffs' counsel has filed this adversary proceeding along with two others in this Court on behalf of two other clients alleging the same claims. Although based on distinguishable alleged facts, the three cases allege the same cause(s) of action. The three cases are *Jones et al. v Burns*, case no. 16-05024; *Fritz et al. v. Burns*, case no. 16-05026; and *Duerr v. Burns*, case no. 16-05025. A potential conflict exists.

items charged in the amount of $190.99 be excepted from discharge pursuant to 11 U.S.C. §523(a)(2), (4), and (6)."

### III. ARGUMENT

The complaint fails to meet the particularity requirement under Bankruptcy Rule 7009 with regard to the fraud allegations under Section 523(a)(2). The complaint also fails to plead factual allegations necessary to sustain a cause of action under Bankruptcy Rule 7012 with regard to the Section 523(a)(4) or Section 523(a)(6) claims. Defendant will address these claims in turn.

### A. The Fraud Claims under Section 523(a)(2) Fail to Meet the Particularity Requirements of Bankruptcy Rule 7009.

Plaintiffs make a claim under Section 523(a)(2), which provides, in pertinent part, for an exception for discharge "for money . . . obtained by . . . false pretenses, a false representation, or actual fraud . . . ." F. R. Civ. P. 9(b), made applicable here by Bankruptcy Rule 7009, provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The rule's purpose is to provide the defendant with fair notice of the substance of the fraud claim to enable him to adequately prepare a responsive pleading. *Michaels Bldg. Co. v. Ameritrust Co.*, N.A., 848 F.2d 674, 679 (6th Cir. 1988). More particularly, the rule requires specificity as to: (1) place the defendant on notice of the conduct constituting fraud; (2) allow the defendant to formulate a defense; (3) protect the defendant from fishing expeditions in discovery; (4) allow the defendant to quickly and specifically respond to unfound accusations; and (5) preserve the defendant's goodwill and reputation. *Van Dorn Co. v. Howington*, 623 F. Supp. 1548, 1566 (N.D. Ohio 1985) and *Eve v. Midewest Nat'l Mtge. Banc, Inc.,* 143 F. Supp. 2d 862, 878 (N.D. Ohio 2001).

The Sixth Circuit has held that in presenting a fraud claim, a plaintiff must, at a minimum, allege the following: (1) the time; (2) the place; (3) the specific content of the alleged

3

misrepresentation on which he or she relied; (4) the identities of the parties participating in the fraud; (5) the fraudulent intent of the defendants, and (6) the injury resulting from the fraud. *Michaels Bldg. Co.*, *supra*, 848 F.2d at 679; *Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir. 1984) ("To satisfy FRCP 9(b), a plaintiff must at a minimum allege the time, place, and content of the misrepresentations) upon which he relied."); *Vild v. Viconsi*, 956 F.2d 560, 567 (6th Cir. 1992); *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (citing *Coffey v. Foamex, L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993). Moreover, allegations of fraudulent misrepresentation must be specific enough to support an inference that they were knowingly or recklessly made. See *Coffey*, 2 F.3d at 161.

The holdings from other jurisdictions are similar to those referred to above from the Sixth Circuit. See, e.g., *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009) (To satisfy the particularity requirement, a fraud complaint must allege ":such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. In other words, the complaint must plead the 'who, what, where, when, and how' of the alleged fraud.") (Citations omitted.) A complaint which fails to identify the fraudulent statements or the reasons why they are fraudulent does not satisfy the particularity requirement of Rule 9(b)). *Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 818 (7th Cir. 1987). That requirement applies equally to all claims which are based upon an underlying fraud, including all three aspects of 11 U.S.C. § 523(a)(2)(A) (false pretenses, false representations, and actual fraud), *In re Lane*, 937 F.2d 694, 698-99 (1st Cir. 1991), and complaints under § 523(a)(4) concerning fraud in a fiduciary capacity. *In re Halversen*, 330 B.R. 291, 300-301 (Bankr. M.D. Fla. 2005); *In re Volpert*, 175 B.R. 247, 260 (Bankr. N.D. 111. 1994).

4

Plaintiffs make no factual allegations regarding the elements of fraud. Plaintiffs make only vague factual allegations, none supporting a factual accusation of any of the elements of fraud, and then jump to the conclusion that fraud was afoot. Generalized and conclusory allegations that the defendant's conduct was fraudulent do not satisfy Rule 9(b). See *Bovee v. Coopers & Lybrand, C.P.A.*, 212 F.3d356, 361 (6th Cir. 2001).

Of course, Plaintiffs' claims that Defendant's corporation failed to complete the project in a workmanlike manner is not grounds for nondischargeability. A fundamental principal of bankruptcy law is that a simple breach of contract does not equate to a nondischargeable debt for purposes of § 523(a)(2)(A). See, e.g, *In re Wiszniewski*, 2010 WL 3488960 (Bankr. N.D.Ill. 2010) ("Defendant's failure to install the new subflooring and generally complete the work according to standard practices may amount to a breach of contract, more than mere nonperformance is required to show a misrepresentation under section 523(a)(2)(A)."). Rather, where the debtor performs a project in a substandard manner, the question of an intent to defraud turns on whether the debtor entered into the contract with the intent of never complying with its terms. *Scheidelman v. Henderson (In re Henderson),* 423 B.R. 598, 622 (Bankr. N.D.N.Y. 2010). Nowhere do Plaintiffs make such allegation.

B.  **The Complaint Fails to State a Cognizable Cause of Action under Section 523(a)(4).**

Plaintiffs here and in the similar cases purport to make the bare assertion in their prayer for relief that Debtor's debt to Plaintiffs is non-dischargeable pursuant to Section 523(a)(4), which provides that for an exception to discharge for debts resulting from "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." To prevail on this claim, Plaintiffs must prove as a threshold matter that Defendant was a fiduciary or that he committed embezzlement or larceny.

It is well established in the Sixth Circuit that the term "fiduciary capacity" is construed narrowly under Bankruptcy Code section 523(a)(4). See *Perry v. Ichida* (*In re Ichida*), 434 B.R. 852, 859 (Bank. S.D. Ohio 2010) (explaining that "fiduciary capacity" under Bankruptcy Code section 523(a)(4) applies only in situations where an express or technical trust relationship exists); see also *R.E. America v. Garver* (*In re Garver*), 116 F.3d 176 (6th Cir. 1997). Accordingly, in order for Plaintiffs to prevail on its Bankruptcy Code Section 523(a)(4) claim for fraud, Plaintiffs must prove as a threshold matter the existence of both (1) a fiduciary relationship, and (2) an express or technical trust. Nowhere in the complaint do Plaintiffs allege facts supporting an allegation that Defendant was a fiduciary. That is understandable, because the parties' relationship was a commercial relationship between contractor and owner, not a fiduciary relationship. Further, the parties' agreement contains no support whatsoever for the notion that a fiduciary relationship existed between the parties.

Similarly, Plaintiffs do not allege that an express or technical trust existed. The lack of any trust is also illustrated by the parties' agreement. In short, Plaintiffs did not plead that the parties had a fiduciary relationship because none existed, and Plaintiffs do not plead that an express or technical trust was formed, because none was formed. Plaintiffs' Section 523(a)(4) claim thus must be dismissed.

As to any larceny and embezzlement allegations, to the extent they can even form the basis for a Section 523(a)(4) claim without a fiduciary relationship or the existence of trust, they are not adequately pleaded. Embezzlement requires the plaintiff to prove that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and that the circumstances indicate fraud. *Ball v. McDowell* (*In re McDowell*), 162 B.R. 136, 140 (Bankr. N.D. Ohio 1993).

Finally, Plaintiffs make the bald assertion that the Section 523(a)(4) exception applies. It is evident that this Section 523(a)(4) claim is the same as the fraud claims, which were not pleaded with particularity and fail to provide Defendant a fair opportunity to respond. Even if the Section 523(a)(4) embezzlement and larceny elements had been appropriately alleged, those claims under Section 523(a)(4) must nevertheless be dismissed because they were not pleaded with particularity. See, e.g., *In re Eisaman*, 387 B.R. 219, 222-23 (Bankr. N.D. Ind. 2008).

### C. The Complaint Fails to State a Cognizable Cause of Action under Section 523(a)(6).

Plaintiffs seeks an exception from discharge under Section 523(a)(6), which provides for non dischargeability of debts resulting from "willful and malicious injury by the debtor to another entity or to the property of another entity." Plaintiffs' bald Section 523(a)(6) claim is merely their fraud claim under a different section. Courts routinely have held that where the Section 523(a)(6) claim is based on the same fraud allegations asserted elsewhere, the Section 523(a)(6) must be dismissed. See, e.g., *Wachovia Securities, LLC v. Jahelka* (*In re Jahelka*), 442 B.R. 663, 671 (Bankr. N.D. 111. 2010). In order to prevail on its claim for relief under Bankruptcy Code Section 523(a)(6), the plaintiff must establish that the defendant deliberately or intentionally injured the plaintiff. See *Kawaauhau v. Geiger*, 523 U.S. 57 (1998) (holding that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate and intentional act that leads to injury"). Here, Plaintiffs again make the bald assertion that the Section 523(a)(6) exception to discharge applies. However, to state a plausible claim a plaintiff must "provide the grounds of his entitlement] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs do not allege or plausibly state in the complaint how Defendant's actions provide the necessary intent to injure Plaintiffs as required under *Geiger*.

Instead, Plaintiffs' Section 523(a)(6) claim, like the rest of the complaint, apparently rests on the allege fraudulent conduct of Defendant. Contrary to Plaintiffs' misplaced allegation, however, a complaint based on "fraud" does not automatically provide a basis for a claim under Section 523(a)(6). Importantly, the Bankruptcy Code, in Section 523(a)(2), already addresses the nondischargeability of debts related to fraud. Indeed, courts have held that Bankruptcy Code Sections 523(a)(2) and (a)(6) are mutually exclusive. "Debts resulting from fraud are therefore nondischargeable under Bankruptcy Code section 523(a)(2) or not at all." *Jahelka*, 442 B.R. at 663 (granting motion to dismiss nondischargeability claim for fraud under Section 523(a)(6)); *McCrary v. Barrack* (*In re Barrack*), 201 B.R. 985, 989-93 (Bankr. S.D. Cal. 1996) rev'd on other grounds, 217 B.R. 598 (9th Cir. BAP 1998). Accordingly, Plaintiffs' Section 523(a)(6) claim is nothing more than a duplication of their Section 523(a)(2) claim and fails as a matter of law under *Geiger*, *supra*, and the Bankruptcy Code.

For the foregoing reasons, the complaint fails to state a cause of action under Bankruptcy Code Section 523(a)(6).

### IV. CONCLUSION

Clearly, Plaintiffs' claims can only be charitably characterized as fraud claims pleaded under Sections 523(a)(2), (a)(4), and (a)(6). Plaintiffs' fraud claims are not even close to having been pleaded with particularity. They fail to provide Defendant with fair notice of the substance of Plaintiffs' fraud claims, and Defendant accordingly is unable to adequately prepare a responsive pleading. In fact, the complaint does not even allege anywhere that Defendant himself committed any non-dischargeable conduct. The Complaint therefore must be dismissed.

WHERERFORE, Defendant Burns respectfully requests that the Court dismiss the Complaint with prejudice, award attorney's fees, costs, and expenses, and award to Defendant any additional relief, at law or in equity, to which the Court deems Defendant entitled.

/s/ E. Lee Wagoner
E. Lee Wagoner (Ohio Bar No. 0037833)
2351 Becket Circle
Stow, OH 44224
elwagoner@yahoo.com
330-322-1399
Counsel for Debtor/Defendant

Certificate of Service

I certify on the 22nd day of April, 2016, a true and correct copy of the above answer was served by way of the Court's Electronic Case Filing System on these persons who are listed on the Court's Electronic Mail Notice List:

Kathryn A. Belfance, Chapter 7 Trustee, at kb@rlbllp.com.

Frank J. Cimino, Counsel for Creditors/Plaintiffs, at officef3@sbcglobal.net

/s/ E. Lee Wagoner
E. Lee Wagoner (Ohio Bar No. 0037833)
2351 Becket Circle
Stow, OH 44224
elwagoner@yahoo.com
330-322-1399
Counsel for Debtor/Defendant